Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Sterling Cluff (SBN 267142)
scluff@baronbudd.com
David Fernandes (SBN 280944)
dfernandes@baronbudd.com
Shannon Royster (SBN 314126)
sroyster@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

Don Bivens (*pro hac vice*)
don@donbivens.com
DON BIVENS PLLC
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: 602.708.1450

*Counsel for Plaintiff*

Anthony J Weibell, SBN 238850
Thomas R. Wakefield, SBN 330121
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: aweibell@wsgr.com
       twakefield@wsgr.com

Victor Jih, SBN 186515
Samantha A. Machock, SBN 298852
Kelly H. Yin, SBN 328380
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Facsimile: (866) 974-7329
Email: vjih@wsgr.com
       smachock@wsgr.com
       kyin@wsgr.com

*Attorneys for Defendants
TikTok Inc. and ByteDance Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN RECHT,<br><br>    Plaintiff,<br><br>    v.<br><br>TIKTOK INC, et al.,<br><br>    Defendants. | CASE NO.: 2:22-cv-08613-MEMF-AGR<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS PENDING JPML RULING**<br><br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom: 8B, 8th Floor |

# **STIPULATION**

Plaintiff Austin Recht ("Plaintiff") and Defendants TikTok Inc. and ByteDance Inc. (collectively, "Defendants") (together with Plaintiff, "the Parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, Plaintiff filed his Complaint in the above-captioned action on November 25, 2022.

WHEREAS, on December 12, 2022, Defendants filed a "Notice of Potential Tag-Along Action" with the United States Judicial Panel on Multidistrict Litigation ("JPML") identifying the present litigation as a potential tag-along action to an earlier MDL, *In re TikTok, Inc., Consumer Privacy Litigation* (MDL No. 2948).

WHEREAS, on December 14, 2022, the JPML Clerk issued a Conditional Transfer Order ("CTO-3") to transfer this action to MDL No. 2948, subject to any opposition by Plaintiff. On December 14, 2022, Plaintiff filed a Notice of Opposition to CTO-3, and the JPML set a briefing schedule for the filing of Plaintiff's motion to vacate CTO-3 (the "Motion to Vacate CTO-3").

WHEREAS, on December 13, 2022 and December 14, 2022, two additional related cases were filed against Defendants in the Eastern District of Pennsylvania and the Southern District of New York, and on December 19, 2022 an additional related case was filed against Defendants in the District of New Jersey. Plaintiff contends that each of these four cases is "related" to this case and, as such, they should be consolidated pursuant to 28 U.S.C. § 1407.

WHEREAS, on December 15, 2022, Plaintiff filed a Motion for Transfer and Coordination or Consolidation of all the related cases (the "Motion for MDL Consolidation") to a new MDL, *In re TikTok In-App Browser Privacy Litigation*, in the Central District of California (MDL No. 3067).

WHEREAS, the JPML has set briefing schedules for Plaintiff's Motion to Vacate CTO-3 and his Motion for MDL Consolidation, which briefing is set to conclude by January 30, 2023.

WHEREAS, Defendants requested that Plaintiffs stipulate to a stay of this case until the JPML rules on Plaintiff's Motion to Vacate CTO-3 and his Motion for MDL Consolidation, and Defendants' counsel has represented to Plaintiff's counsel that Defendants intend to seek similar stays in all the other related cases.

WHEREAS, in light of the pendency of Plaintiff's Motion to Vacate and his Motion for MDL Consolidation, the Parties agree that all proceedings and deadlines in the present case should be stayed until the JPML issues a ruling on Plaintiff's pending Motion to Vacate CTO-3 and his Motion for MDL Consolidation.

WHEREAS, "'Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.' … And for good reason." *Willems v. Johnson & Johnson*, No. 20-00621-CJC(JCx), 2020 U.S. Dist. LEXIS 201593, at *5 (C.D. Cal. Apr. 29, 2020) (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)). Defendants contend that those reasons include: (i) the parties "would be unnecessarily burdened if this action is not temporarily stayed"; (ii) "the risk of conflicting rulings"; and (iii) "the requested temporary stay would conserve judicial resources and avoid duplicative litigation." *Id.* "Duplication of case management tasks by multiple courts is not an economical use of judicial resources." *Id.*

WHEREAS, the Parties agree that the temporary stay of this case shall be lifted if Defendants respond to any complaint in the related cases identified as potential tag-along actions in the JPML proceedings, during the pendency of Plaintiff's Motion to Vacate CTO-3 or his Motion for MDL Consolidation.

NOW THEREFORE, the Parties, through their undersigned counsel, hereby stipulate, agree, and respectfully request that the Court order as follows:

1. All proceedings and deadlines, including but not limited to the requirement for any party to file a pleading, responsive pleading, or motion under Federal Rules of Civil Procedure 8, 9, or 12 shall be STAYED in this action until further order of this Court, following a ruling by the JPML on Plaintiff's Motion to

Vacate CTO-3 and his Motion for MDL Consolidation. However, such stay of this case shall be lifted if Defendants respond to any complaint in the related cases identified as potential tag-along actions in the JPML proceedings, during the pendency of Plaintiff's Motion to Vacate or his Motion for MDL Consolidation.

2. The Parties shall promptly notify this Court of the JPML's ruling on Plaintiff's Motion to Vacate CTO-3 and his Motion for MDL Consolidation.

3. The Parties reserve all other rights.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: December 21, 2022      BARON & BUDD
Professional Corporation

By: /s/ Roland Tellis
    Roland Tellis

Attorneys for Plaintiff

Dated: December 21, 2022      WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Anthony J Weibell
    Anthony J Weibell

Attorneys for Defendants

## ATTORNEY ATTESTATION

I, Anthony J Weibell, am the ECF User whose ID and password are being used to file this document. In compliance with Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  December 21, 2022  WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: */s/ Anthony J Weibell*
        Anthony J Weibell